**GORDON & REES LLP**
500 Mamaroneck Ave, Suite 503
Harrison, NY 10528
Phone: (914) 777-2225
Fax:  (914) 709-4566
Attorneys for Defendant
MGA ENTERTAINMENT, INC

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC,<br><br>Plaintiff,<br><br>- against -<br><br>MGA ENTERTAINMENT, INC,<br><br>Defendant. | Civil Action No.  1:23-cv-00465-ER<br><br><br>**DEFENDANT MGA ENTERTAINMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant MGA Entertainment, Inc., by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits its answer to the Complaint filed by Plaintiff BMG Rights Management (US) LLC.

### ANSWERING NATURE OF THE ACTION

1. Defendant admits that Plaintiff purports to bring a claim for copyright infringement. Defendant denies the remainder of the allegations in this paragraph.

### ANSWERING JURISDICTION AND VENUE

2. Defendant admits Plaintiff purports to seek monetary damages and injunctive relief under a claim for copyright infringement purportedly under the copyright laws of the United States. Defendant denies all allegations of copyright infringement.

3. Defendant admits that this Court has subject matter jurisdiction over this Action and denies all allegations of copyright infringement.

1

4. Defendant denies that Plaintiff has brought any common law claims and therefore denies the Court has supplemental jurisdiction over such unpled claims.

5. Defendant denies the allegations in the form alleged in this paragraph and refers all questions of law to the Court.

6. Defendant admits it is a foreign corporation duly registered with the New York Department of State.  Defendant denies in the form alleged the remainder of the allegations in this paragraph and refers all questions of law to the Court.

7. Defendant denies the allegations in the form alleged in this paragraph and refers all questions of law to the Court.

8. Defendant denies the allegations in the form alleged in this paragraph and refers all questions of law to the Court.

9. Deny.

10. Deny.

11. Defendant admits that the Court has personal jurisdiction over Defendant for purposes of this matter and denies the remainder of the allegations in this paragraph.

12. Defendant admits it sells products in the State of New York and denies the remainder of the allegations in this paragraph.

13. Deny.

14. Defendant denies the allegations in the form alleged in this paragraph and refers all questions of law to the Court.

**ANSWERING PARTIES**

15. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

16. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

17. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

18. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

19. Admit.

20. Defendant admits that it is duly registered with the New York State Department of State as a foreign corporation. Defendant denies in the form alleged the remaining allegations of this paragraph and refers all questions of law to the Court.

21. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

## ANSWERING FACTUAL ALLEGATIONS

22. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

23. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

24. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

25. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

26. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

27. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

28. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

29. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

30. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

31. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

32. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

33. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

34. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

35. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

36. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

37. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

38. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

39. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

40. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

41. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph as to the purported registration of *My Humps*. Defendant admits it created a product line called Poopsie Slime Surprise.

42. Admit.

43. Defendant admits that it or someone at its request "created a song call *My Poops*" and denies the remainder of allegations in this paragraph.

44. Defendant admits the music video features animated unicorns and denies the remainder of the allegations in this paragraph.

45. Defendant believes the music video for *My Poops* was available on YouTube and Defendant's website and denies the remainder of the allegations in this paragraph.

46. Deny.

47. Defendant admits there was a sticker on the packaging of the dancing unicorn toy and denies the remainder of the allegations in this paragraph.

48. Defendant denies the allegations in this paragraph in the form alleged and admits it sold the dancing unicorn toy the United States.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Defendant admits BMG did not issue a license to it for the use of the song *My Humps*. Defendant denies such a license was required and denies the remainder of the allegations of this paragraph.

58. Deny.

59. Deny.

60. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph as to when BMG allegedly discovered the product at issue. Defendant admits BMG demanded Defendant cease and desist use of *My Poops* and for an accounting.

61. Deny.

## ANSWERING FIRST CAUSE OF ACTION

62. Defendant repeats and incorporates by reference its responses to each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

63. Defendant admits that Plaintiff purports to allege a claim for copyright infringement under Section 501 of the Copyright Act.

64. Deny.

65. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

66. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

67. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in this paragraph.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Defendant admits it does not have a license from BMG to use the song *My Humps*. Defendant denies such a license was required and denies the remainder of the allegations of this paragraph.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

## PLAINTIFF'S PRAYER FOR RELIEF

With respect to the prayer for relief in the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever as to Defendant, and denies all other allegations contained in the prayer for relief.

## RESERVATION OF ALL OTHER DENIALS

Defendant denies each and every allegation in the Complaint, whether express or implied, that Defendant has not unequivocally and expressly admitted in its answer.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby sets forth the following matters constituting avoidance or affirmative defenses. Defendant expressly reserves the right to supplement and assert additional affirmative defenses, as well as counterclaims, cross-claims, and third-party claims, which become known through investigation, discovery, or other proceedings, in this matter.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claim is barred in its entirety by the copyright doctrine of fair use, as codified in Section 107 of the Copyright Act.

### Third Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the protections afforded by the First Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiff has failed to join an indispensable or necessary party and/or has failed to join the real party in interest.

### Fifth Affirmative Defense

Plaintiff's claims are barred because the subject work is in the public domain, and not subject to copyright protection.

### Sixth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

### Seventh Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

### Eighth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver and estoppel.

### Ninth Affirmative Defense

To the extent that any advertisement, distribution or sale of products by Defendant violated or infringed upon any copyright allegedly owned by Plaintiff, such violation or infringement was innocent and without knowledge of the copyright allegedly owned by Plaintiff.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any use of the allegedly infringed work was *de minimis*.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that it has not properly registered its work with the U.S. Copyright Office.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's purported copyright is invalid and/or unenforceable.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that its purported copyright was obtained and/or maintained by fraud on the U.S. Copyright Office.

### Fifteenth Affirmative Defense

Plaintiff's copyright registration is invalid because of Plaintiff's knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was in good faith and with non-willful intent, at all times.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's actions as alleged constitute a parody.

<u>Eighteenth Affirmative Defense</u>

Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, may not recover for losses which could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made, and therefore, Plaintiff's recovery, if any, should be reduced by its failure to mitigate damages, if any.

<u>Nineteenth Affirmative Defense</u>

Plaintiff's claims are barred by reason of Plaintiff's failure to join an indispensable or necessary party.

<u>Twentieth Affirmative Defense</u>

Plaintiff cannot satisfy the requirements for its request for injunctive relief and has an adequate remedy at law.

**RESERVATION OF RIGHT TO PLEAD ADDITIONAL DEFENSES**

Defendant hereby reserves the right to amend its Answer and to assert any additional affirmative defenses as the facts and law warrant, including during the trial in this matter.

**JURY TRIAL DEMAND**

In accordance with the Federal Rules of Civil Procedure 38(b), Defendant demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant respectfully requests that the Court:

   1. Dismiss Plaintiff's Complaint in its entirety against Defendant with prejudice;

   2. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint against Defendant;

3. Award Defendant its costs, including reasonable attorneys' fees and costs incurred in defending this action; and ordering Plaintiff to pay the same to Defendant; and

4. Grant such other and further relief be awarded to Defendant that this Court deems just, proper, and equitable.

**GORDON & REES LLP**
Attorneys for Defendant

Dated: May 31, 2023

By: /s/ Gregory N. Brescia
Gregory N. Brescia (GB-4582)
500 Mamaroneck Ave, Suite 503
Harrison, New York 10528
(914) 777-2225
*Attorneys for Defendant*

TO:
Seth L. Berman, Esq.
Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300
sberman@abramslaw.com
*Attorneys for Plaintiff*